**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| PHILLIP DEAN HALE, | ) | |
| | ) | Case No. 2:19-cv-57 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Clifton L. Corker |
| TONY TRIBETT, DUSTIN WINTERS, | ) | |
| and GREENE COUNTY DETENTION | ) | |
| CENTER ADMINISTRATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

---

## MEMORANDUM AND ORDER

---

Before the Court is a *pro se* prisoner's complaint for violation of civil rights filed

pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Court has granted Plaintiff leave to proceed *in*

*forma pauperis* and now will screen Plaintiff's complaint (Doc. 2) in accordance with the Prison

Litigation Reform Act ("PLRA").

### I.     COMPLAINT ALLEGATIONS

In his complaint, Plaintiff first alleges that Defendant Winters and other officers used

excessive force during two separate arrests of Plaintiff, one in January 2019 and one in February

2019. (Doc. 2, at 3–4; Doc. 2-2, at 1.) Plaintiff also states that he had a physical altercation with

several officers and/or jail officials not named as Defendants when he was booked into the

Greene County Jail, and that on February 24, 2019, he was given another inmate's medications.

(Doc. 2, at 3–4; Doc. 2-2, at 1–2.) Plaintiff generally alleges that he has "been refused mental

health meds and treatment." (Doc. 2–2, at 2.) Plaintiff further claims that another unnamed

third-party jail official told him he would "f****" Plaintiff up and that Plaintiff has seen the

medical department several times for a thumb injury that he has had for about three months, but they have only diagnosed him.  (*Id.*).  Plaintiff additionally asserts that on March 8, 2019, Defendant Tribett stomped on his arm, but an unnamed shift supervisor refused Plaintiff's request for medical treatment, and that Plaintiff then engaged in a verbal altercation with Defendant Tribett, after which Defendant Tribett picked Plaintiff up and took Plaintiff to a separate pod where he "smacked (Plaintiff's) right a** cheek."  (*Id.* at 2–3.)  Plaintiff states that Defendant Tribett was written up for this incident but still works around Plaintiff.  (*Id.* at 3.) Plaintiff has sued Dustin Winters, Tony Tribett, and the Greene County Detention Center Administration.  (Doc. 2, at 1, 3).

## II.    SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S.

519, 520 (1972).  Allegations that give rise to a mere possibility that a plaintiff might later

establish undisclosed facts supporting recovery are not well-pled and do not state a plausible

claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations

of the elements of a claim which are not supported by specific facts are insufficient to state a

plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was

deprived of a federal right by a person acting under color of state law.  *Braley v. City of Pontiac*,

906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any

constitutional rights; it creates a right of action for the vindication of constitutional guarantees

found elsewhere").

### III.    ANALYSIS

As set forth above, Plaintiff's complaint first sets forth claims against Defendant Winters

arising out of the alleged use of excessive force during two separate arrests.  Plaintiff also,

however, sets forth a number of allegations regarding later, unrelated incidents involving various

individuals, including unnamed jail officers and/or officials and Defendant Tribett, that occurred

while he was incarcerated in Greene County Jail.  As Plaintiff does not set forth any factual

allegations against Defendant Green County Detention Center Administration in his complaint, it

appears that Plaintiff seeks to hold this entity liable for the acts of the unnamed jail officers

and/or officials set forth therein.

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, however, persons may only

be joined in one action as defendants where "(A) any right to relief is asserted against them

jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not

permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *George v.

Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

While the incidents underlying Plaintiff's excessive force claims against Defendant

Winters occurred prior to his incarceration in Greene County Jail, all other incidents alleged in

the complaint occurred after Plaintiff was incarcerated in Greene County Jail. Moreover,

Plaintiff does not assert any right to relief against Defendant Winters, Defendant Tribett, and/or

any other jail officer or official jointly, severally, or in the alternative with respect to or arising

out of the same transaction, occurrence, or series of transactions or occurrences as required for

Plaintiff's claims against Defendant Tribett and Greene County Detention Center

Administration[1] to be properly joined with Plaintiff's claims against Defendant Winters under

Rule 20(a)(2). Accordingly, only Plaintiff's claims against Defendant Winters will proceed in

this action and all of Plaintiff's other claims will be **DISMISSED WITHOUT PREJUDICE**.[2]

---

[1] Additionally, the administration of the Greene County Detention Center, like a jail medical department, does not have a corporate or political existence, but is rather a part of Greene County and therefore not a "person" subject to suit under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that jail "medical departments are not 'persons' under § 1983" because they "may be seen as nothing more than an arm of" their governing agency). Moreover, a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), and nothing in the complaint allows the Court to plausibly infer that any policies and/or customs of Greene County caused any violations of Plaintiff's constitutional rights such that the municipality could be liable for those claims under § 1983. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978).

[2] Plaintiff also filed a supplement to his complaint to add a claim regarding an incident on April 26, 2019, in which Plaintiff alleges a correctional officer used excessive force against him. (Doc. 6, at 1.) This claim is also not properly joined with Plaintiff's claims against Defendant Winters under Rule 20(2) and therefore will be dismissed.

## IV.    CONCLUSION

For the reasons set forth above:

1. Defendants Greene County Detention Center Administration and Tribett are **DISMISSED**;

2. This action will proceed only as to Plaintiff's excessive-force claims against Defendant Winters;

3. All other claims in the complaint and/or supplement are **DISMISSED WITHOUT PREJUDICE** as improperly joined in this action;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Winters.  Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty days of receipt of this order.  At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service.  Fed. R. Civ. P. 4;

5. Service shall be made on Defendant Winters pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is forewarned that if he does not return the completed service packet within the time required, the Court may dismiss this action;

7. Defendant Winters shall answer or otherwise respond to the complaint within twenty-one days from the date of service.  If Defendant Winters fails to timely respond to the complaint, it may result in entry of judgment by default against him;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Winters or his counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**